IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>RONALD L. WHEELER, III,<br><br>Defendant. | Criminal Action No.<br><br>1:17-CR-377-LMM |

**CONSENT PRELIMINARY ORDER OF FORFEITURE**

Ronald L. Wheeler, III, having pled guilty to the Information, pursuant to which the United States sought forfeiture of certain property under 18 U.S.C. § 982(a)(2)(B), and the Court having determined that the property described below is subject to forfeiture pursuant thereto, that the Government has established the requisite nexus between said property and the offense charged in the Information and the Defendant having consented to this Consent Preliminary Order of Forfeiture becoming final as to him, being made a part of his sentence and being included in the judgment against him;

IT IS HEREBY ORDERED that Ronald L. Wheeler, III. shall forfeit to the United States the following property pursuant to 18 U.S.C. § 982(a)(2)(B):

a. $27,562.00 in United States currency;

b. 13.97524839 Bitcoins.

IT IS HEREBY ORDERED that upon entry of this order, the United States Attorney General, or his designee, is authorized to seize the property in accordance with Fed. R. Crim. P. 32.2(b)(3).

The United States shall publish notice of this Order and its intent to dispose of the property in accordance with Fed. R. Crim. P. 32.2(b)(6) and in such a manner as described in Supplemental Rule G(4)(a)(iii) and (iv) of the Federal Rules of Civil Procedure. The United States shall send written notice, in accordance with Supplemental Rule G(4)(b)(iii)-(v), to any person who reasonably appears to be a potential claimant with standing to contest the forfeiture of the above-listed property in the ancillary proceeding.

Pursuant to 21 U.S.C. § 853(n)(2), as incorporated by 18 U.S.C. § 982(b)(1), any person, other than the named Defendant, asserting a legal interest in the property may within thirty days of the final publication of the notice or their receipt of the notice, whichever is earlier, petition the Court for a hearing without a jury to adjudicate the validity of their alleged interest in the property and for an amendment to the order of forfeiture. Any petition filed by a third party asserting an interest in the property shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the property, the time and circumstance of the petitioner's acquisition of the right, title, or interest, and any additional facts supporting the petitioner's claim and the relief sought.

After the disposition of any motion filed under Fed. R. Crim. P. 32.2(c)(1)(A) and before a hearing on the petition, discovery may be conducted in accordance

with the Federal Rules of Civil Procedure upon a showing that such discovery is necessary or desirable to resolve factual issues.

The United States shall have clear title to the property following the Court's disposition of all third-party interests or, if none, following the expiration of the period provided in 21 U.S.C. § 853(n)(2) for the filing of the third-party petitions. The Court shall retain jurisdiction to enforce this order and to amend it as necessary, pursuant to Fed. R. Crim. P. 32.2(e).

IT IS FURTHER ORDERED that, pursuant to Fed. R. Crim. P. 32.2(b)(4), this Preliminary Order of Forfeiture is hereby final as to the Defendant, but remains preliminary as to third parties until the ancillary proceeding is concluded under Rule 32.2(c).

SO ORDERED this _____ day of _____, 2018.

_____
LEIGH MARTIN MAY
UNITED STATES DISTRICT JUDGE

Presented by:

Consented to:

/s/ Dahil D. Goss
Dahil D. Goss
Assistant United States Attorney

/s/ Phillip A. Turner by Dahil Goss with express permission
Phillip A. Turner
Attorney for Defendant
115 South LaSalle Street, Suite 2600
Chicago, Illinois 60603
(312)899-0009
pturner98@sbcglobal.net